CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 26 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES P. DUFFY, SR., ) | |
| ) | Civil Action No. 7:15CV00128 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, James P. Duffy, Sr., was born on November 30, 1964, and eventually completed his high school education. Mr. Duffy also attended college for two years. Plaintiff has worked as a music instructor, electronics sales person, and retail sales manager. He last worked on a regular and sustained basis in 2010. On February 24, 2011, Mr. Duffy filed an application for a period of disability and disability insurance benefits. A few weeks later, he filed an application for supplemental security income benefits. In filing his applications, plaintiff alleged that he became disabled for all forms of substantial gainful employment in February of 2010, due to osteoarthritis,

high blood pressure, depression, myocarditis, arthritis, acid reflux, metal rod in right arm, and trigger finger. At the time of the administrative hearing, Mr. Duffy amended his application so as to reflect an alleged disability onset date of December 1, 2009. (TR 53). He now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act through the third quarter of 2013, but not thereafter. See generally, 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before September 30, 2013. See 42 U.S.C. §§ 423(a).

Mr. Duffy's applications were considered concurrently, and denied both upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated November 6, 2013, the Law Judge also determined that Mr. Duffy is not disabled. The Law Judge found that plaintiff suffers from several severe impairments, including a history of repair of a fracture of the right humerus; degenerative disc disease; Achilles tendon injury; gastroesophageal reflux disease; diabetes mellitus; insomnia; obesity; hypertriglycemia; hypertension; headaches; anxiety; depression; and alcohol abuse. (TR 35). Because of these impairments, the Law Judge ruled that Mr. Duffy is disabled for all of his past relevant work roles. (TR 43). However, the Law Judge held that plaintiff retains sufficient functional capacity to perform a limited range of light work activity. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). He can occasionally push or pull; never climb ladders, ropes, or scaffolds; frequently crawl; occasionally overhead reach with either upper extremity; frequently handle objects with either upper

2

> extremity; and should avoid concentrated exposure to hazards like moving machinery and heights. In addition, the claimant needs a low-stress job (defined as having only occasional decision-making or occasional changes in work setting) with only occasional interaction with the public. He will likely be off-task not more than 10% of the workday and absent from a workplace not more than one time per month.

(TR 37). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mr. Duffy retains the ability to perform several specific light work roles existing in significant number in the national economy. (TR 43-44). Accordingly, the Law Judge ultimately concluded that Mr. Duffy is not disabled, and that he is not entitled to benefits under either federal program. See generally, 20 C.F.R. §§ 404.1520(g) and 416.920(g).

Mr. Duffy sought review of the Administrative Law Judge's decision by the Social Security Administration's Appeals Council. In connection with his request for review, plaintiff submitted additional medical evidence. However, the Appeals Council adopted the Law Judge's opinion as the final decision of the Commissioner. Having now exhausted all available administrative remedies, Mr. Duffy has appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

3

After a review of the record in this case, the court is constrained to conclude that there is "good cause" for remand of this case to the Commissioner for further development and consideration. Mr. Duffy suffers from a combination of physical and emotional impairments. The court believes that the Administrative Law Judge gave fair and appropriate consideration to the evidence as developed at the time of the Law Judge's adjudication of plaintiff's case. Indeed, in the court's opinion, the Law Judge did an especially capable job in assessing plaintiff's residual functional capacity and in formulating hypothetical questions for consideration by the vocational expert. The difficulty in the case concerns the consideration given to the new medical evidence submitted by Mr. Duffy in conjunction with his request for review by the Social Security Administration's Appeals Council. The court finds it necessary to remand plaintiff's case so that the new medical evidence may be considered in context with the earlier evidence of record, as well as under the appropriate legal standards.

Mr. Duffy testified at the administrative hearing conducted on September 26, 2013. At that time, in terms of his work-related restrictions, plaintiff emphasized the discomfort in his back, shoulders, and arms. (TR 55, 57, 63, and 64). He testified that he is unable to engage in any physical activity on a sustained basis due to his back pain. (TR 68-69). He related that he is unable to sit or stand for prolonged periods because of back pain. (TR 71-72).

The Administrative Law Judge found that Mr. Duffy suffers from degenerative disc disease. (TR 35). In assessing the severity of plaintiff's complaints, the Law Judge noted that Mr. Duffy's only treatment has been oral medication. (TR 41). The Law Judge accorded "significant weight" to the opinions of the state agency physicians, Dr. Donald Williams and Dr. Michael Hartman. The

4

Case 7:15-cv-00128-GEC   Document 20   Filed 01/26/16   Page 4 of 8   Pageid#: 1208

record reveals that Dr. Williams evaluated the medical record as of August 30, 2011, and that Dr. Hartman considered the medical record as developed through May 15, 2012. (TR 139, 163).

Mr. Duffy does not have medical insurance. (TR 20). On April 20, 2012, plaintiff began seeing Dr. William Ball, a general practitioner. (TR 920). The early medical notes from Dr. Ball indicate that he was primarily concerned with plaintiff's esophagitis and diabetes control. (TR 919, 928). Upon referral from Dr. Ball, Mr. Duffy underwent an esophagogastroduodenoscopy. (TR 929). In January of 2013, Dr. Ball documented treatment for plaintiff's panic attacks and insomnia. (TR 942). Dr. Ball completed an office note following examination of Mr. Duffy on September 6, 2013. On that occasion, he listed objective musculoskeletal findings as follows:

> Pain on palpation is noted diffusely. ROM on all joints is limited. Muscle strength is decreased. Sensation is decreased. Patient has multiple trigger point areas of tenderness.

(TR 1027). As previously noted, the Administrative Law Judge rendered his decision shortly thereafter, on November 6, 2013. Dr. Ball noted similar clinical findings, as well as significant musculoskeletal symptomatology, following examination of plaintiff on February 28, 2014. (TR 1037). Dr. Ball ordered an MRI of the lumbosacral spine. (TR 1038). The MRI was completed as scheduled on March 11, 2014, and revealed moderate concentric disc bulge with a superimposed central disc protrusion at L4-5 with severe central spinal canal stenosis. (TR 18). Following receipt of the MRI report, Dr. Ball ordered epidural steroid injections. The first was performed on April 21, 2014. (TR 10). When minimal relief was reported, a second epidural steroid injection was performed at L4-5 on May 16, 2014. (TR 11).

Dr. Ball submitted a multiple impairment questionnaire following examination of Mr. Duffy on May 28, 2014. Dr. Ball diagnosed diabetes, chronic pain syndrome, rotator cuff tear, chronic low

5

back pain, and chronic depression. (TR 1042). Dr. Ball cited the MRI report in opining that plaintiff experiences extreme low back pain, and that he is unable to sit for more than a few minutes at a time. (TR 1043). Dr. Ball opined that plaintiff's pain is associated with any motion or weight bearing, including walking, sitting, and standing. (TR 1044). The doctor reported that plaintiff is unable to sit or stand on a sustained basis. (TR 1044). Dr. Ball stated that plaintiff's symptoms and limitations have persisted since 2012. (TR 1048).

The MRI report, the reports from the epidural steroid injections, and Dr. Ball's multiple impairment questionnaire were all part of the new medical evidence submitted to the Appeals Council in connection with plaintiff's request for review of the Administrative Law Judge's decision. In adopting the Law Judge's opinion as the final decision of the Commissioner, and in determining that the new medical evidence did not present cause for further administrative review, the Appeals Council commented as follows:

> We also looked at records from Insight Imaging dated April 21, 2014 through May 16, 2014 (4 pages); records from William Ball, MD, dated July 2, 2014 (3 pages); records from William Ball, MD., dated March 10, 2014 (2 pages); records from LabCorp dated February 28, 2014 (4 pages); and records from Roanoke Family Medicine dated March 10, 2014 (4 pages). The Administrative Law Judge decided your case through November 6, 2013. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before November 6, 2013.

(TR 2).

The court must conclude that the Appeals Council's treatment of the interim evidence does not accurately account for the progression of the medical evidence and that is it not consistent with the applicable legal standards. It is now well settled that the Appeals Council "must consider new and material evidence relating to the period prior to the ALJ decision in

6

determining whether to grant review, even though it may ultimately decline review." <u>Wilkins v. Secretary</u>, 953 F.2d 93, 95 (4th Cir. 1991).  Moreover, a treating physician may properly offer a retrospective opinion on the past extent of an impairment.  <u>Wilkins</u>, <u>supra</u>. at 96; <u>Wooldridge v. Bowen</u>, 816 F.2d 157, 160 (4th Cir. 1987).  Even when the Appeals Council denies a request for review, the record must provide "an adequate explanation" of the Commissioner's decision. <u>Meyer v. Astrue</u>, 662 F.3d 700, 706 (4th Cir. 2011); <u>DeLoatche v. Heckler</u>, 715 F.2d 148, 150 (4th Cir. 1983).

In the instant case, given all of the evidence and circumstances before the Commissioner, there does not appear to be any reasonable explanation to support the assertion that the evidence submitted to the Appeals Council is not relevant to a consideration as to whether plaintiff was disabled on or before the date of the Administrative Law Judge's decision.  Dr. Ball's questionnaire is the only report submitted by a treating physician as to whether plaintiff was capable of working at a time prior to November 6, 2013.  Moreover, Dr. Ball's assessment finds support in the MRI report which was not available for consideration by the Law Judge, and which was submitted to the Appeals Council in the first instance.  The Law Judge accorded the greatest measure of weight to the reports of the state agency physicians, who reviewed the record as developed at a much earlier point in time and who did not have the benefit of the MRI study or Dr. Ball's assessment as a treating physician.  The Law Judge relied, in part, on the observation that Mr. Duffy had not received any treatment for his back disorder, other than medication.  (TR 41).  Yet, as a result of the MRI findings, Dr. Ball ordered two separate epidural steroid injections, within a period of about a month, in an attempt to address plaintiff's symptoms.  All in all, in the court's view, it simply cannot be said that the new medical evidence is not material,

7

or that it is not relevant to the issue as to whether plaintiff could perform the light work roles as envisioned by the vocational expert at the time of the Administrative Law Judge's decision. After consideration of the progression of the medical evidence in Mr. Duffy's case, the court finds "good cause" for remand of the matter to the Commissioner for consideration of the entire medical record.

Given the court's disposition in this case, the court finds it unnecessary to consider plaintiff's motion for remand based on the evidence submitted for the first time to this court. In passing, the court notes that the new evidence indicates that Mr. Duffy's physicians now wish to perform lower back surgery. It will be necessary for the pro se plaintiff to ensure that, upon remand, all medical evidence is made available to the Commissioner so as to enable a thorough and complete review of plaintiff's applications for benefits.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further development, including consideration of new evidence submitted during the period between the issuance of the Administrative Law Judge's opinion and the adoption of such opinion as the final decision of the Commissioner. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record as supplemented by any new medical evidence, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 25th day of January, 2016.

*[signature]*
Chief United States District Judge